UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HOLDEN FLENER and STANFORD FLENER, ) ) ) Plaintiffs ) ) ) v. ) ) NYSTAR CLARKSVILLE, INC., ) ) Defendants ) | No. 3:11-1219 Magistrate Judge Brown **Jury Demand** |

### INITIAL CASE MANAGEMENT ORDER

Pursuant to LR 16.01(d), the following Initial Case Management Plan is adopted:

1. **Jurisdiction:** The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, on the basis of diversity jurisdiction. The Plaintiff and the Defendant are citizens of different States, and the amount in controversy exceeds $75,000.00; therefore, jurisdiction is appropriate in this venue. There are no disputes as to jurisdiction or service of process.

2. **Plaintiff's Theory of the Case:** It is Plaintiff's position that the Defendant had a duty to supply electrical service to the Plaintiffs in a safe and reasonable manner to facilitate the Plaintiffs performing certain pipefitting/welding work for the Defendant at the Defendant's Clarksville, Tennessee zinc smelting plant. Instead, the Defendant, through its agents/employees, breached its duty by supplying 480 volt electrical service to the Plaintiffs in a manner which was dangerous and not designed or

constructed in a reasonable and safe manner in accordance with acceptable standards, as more specifically set out in the Complaint in this cause. Due to this breach of duty the Defendant is guilty of negligence (which resulted in injuries to the Plaintiff, Holden Flener) and negligent infliction of emotional distress (which resulted in injuries to the Plaintiff, Stanford Flener)

3. **Defendant's Theory of the Case:** Defendant has pled that this was an accident rather than caused by negligence. Alternatively, Defendant has raised the defense of comparative fault. Defendant is not aware of the extent to which Plaintiff's own actions contributed to the accident described in the Complaint. It addition, it has denied that its actions caused all of the damages alleged in the Complaint. As an additional defense, Defendant has pled that Plaintiffs' injuries and damages are covered by workers compensation and to the extent that Defendant may claim the benefit of immunity of the workers compensation statute as a bar to this action as a statutory employer or otherwise, Defendant claims the benefit of the workers compensation statute. To the extent that Plaintiffs' injuries were paid pursuant to the workers' compensation statute, Defendant has pled that the amount for which it may be sued are no greater than the amount paid by workers compensation for medical expenses or similar expenses.

4. **Identification of the Issues:** At this point, no issues have been resolved, but the parties expect to work amicably

2

to resolve as many issues as possible through the course of this litigation.

5. **Need for Other Claims or Special Issues Under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:** The parties do not anticipate any counter-claims, cross-claims, third-party claims, joinder of other parties or claims, or class action certification in this matter. The parties shall amend any pleadings by **July 2, 2012**.

6. **Initial Disclosures and Staging of Discovery:**

(a) The parties will provide their Initial Disclosures by **March 22, 2012**.

(b) The parties shall issue interrogatories and requests for production of documents in order that such discovery is completed by **June 15, 2012**. Plaintiff shall provide a medical release to Defendant to facilitate the timely discovery of medical records. Defendant will provide copies of medical records to counsel for Plaintiff that are obtained via the medical release.

(c) Depositions of fact witnesses and treating physicians shall be completed by **September 1, 2012**;

(d) Plaintiff shall disclose his Rule 26(b) expert witnesses by **September 15, 2012**;

(e) Defendant shall disclose its Rule 26(b) expert witnesses by **October 15, 2012**;

3

(f) All expert depositions shall be completed by at least **60 days** in advance of any trial date..

Prior to filing any discovery related motions, the parties will schedule and conduct a telephone conference with the Magistrate Judge.

7. **Dispositive Motions:** All dispositive motions shall be filed by **September 15 2012**. Any response to dispositive motions shall be filed by **October 15, 2012**. All replies shall be filed by **October 30 2012**. If a dispositive motion is filed prior to the **September 15, 2012**, deadline, the deadline for response and reply briefs shall be moved up accordingly, such that all responses are due **28 days** after the filing of the dispositive motions, and such that any replies are due **14 days** following the response date.

All dispositive motions and response memoranda are limited to **25 pages**. Any replies are limited to **five pages**, absent Court permission for a longer pleading.

8. **Alternative Dispute Resolution:** The parties believe this case will be appropriate for alternative dispute resolution. The parties believe that the alternative dispute resolution, whether by mediation or judicial settlement conference, shall take place by **November 30, 2012**.

9. **Subsequent Case Management Conference:** A follow-up case management conference shall be held on **June 18, 2012**, at 11:30

4

a.m. To participate in the conference call, parties shall call 615-695-2851 at the scheduled time.

      10. **Trial Date:** The parties estimate that this jury trial will take three days, depending on what issues remain for trial. This matter is set for trial on **February 19, 2013, at 9:00 a.m., Courtroom 783**. The undersigned will conduct the final pretrial conference on **January 31, 2013, at 10:00 a.m., Courtroom 783**. A separate order covering the requirements for the final pretrial conference and the trial will be issued at a later date.

      It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge